UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DR. J. DAVID GOLUB,

                Plaintiff,

             - against -

MICHAEL L. SWAALEY; NORMAN J. GOLUB;
JACK STERN; RICHMOND COUNTY
SURROGATE COURT (R. GIGANTE),

                Defendants.
----------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-5386 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Dr. J. David Golub,[1] brings this *pro se* action and invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Golub also asserts a claim under § 487 of the New York Judiciary Law. Golub has paid the requisite filing fee to initiate the action. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over Golub's remaining state law claim.

## BACKGROUND

      The following facts are drawn from Golub's pleading and the exhibits attached thereto, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Golub brings this action against Richmond County Surrogate Robert J. Gigante and three Richmond County attorneys, who are involved with the administration of the estate of Sylvia

---

[1] The Court notes that Golub has been found to be a vexatious litigator by the United States District Courts for the Eastern and Southern Districts of New York and the Court of Appeals for the Second Circuit. *See generally Golub v. Tierney et al.*, No. 11-CV-286 (2d Cir. mandate dated July 11, 2011) (noting that plaintiff has exhibited a pattern of vexatious litigation and has failed to comply with the Court's sanction order); *Golub v. Kidder Peabody & Co.*, No. 89-CV-5903 (WHP), 2010 WL 5422503, at *1, 3 (S.D.N.Y. Dec. 16, 2010) ("Golub is enjoined from addressing any correspondence to [the Southern District] or contacting th[e] Court in any manner"); *Golub v. U. of Chicago*, No. 87-CV-2891, 1992 WL 333641, at *1–3 (E.D.N.Y. Oct. 26, 1992) (noting that plaintiff is enjoined from filing any actions without prior Court approval against Ernst & Whinney, IBM Corporation, University of Chicago, and Weiner & Company).

Golub. (*See* Compl. (Doc. No. 1).) Golub alleges misconduct by the defendants in connection with the Surrogate Court proceedings. (*See id.* at 5.)[2] Golub seeks to have this Court issue a permanent injunction enjoining Richmond County Surrogate's Court from taking further action regarding the estate of Sylvia Golub. (*Id.* at 7.) Golub further seeks the Court's assistance in "retaking ownership of the real estate and personal property located at 672 Travis Avenue . . . ." (*Id.* at 7.) In addition to injunctive relief, Golub seeks monetary damages. (*Id.* at 7.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also*

---

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

2

*Hawkins–El III v. AIG Fed. Sav. Bank,* 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York,* No. 10-CV-5469 (SLT), 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see* Fed. R. Civ. P. 8. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

## DISCUSSION

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law

creates the plaintiff's cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Here, although Golub invokes the Court's federal question jurisdiction, his claim does not arise under federal law or depend on resolution of questions of federal law.[3] *See Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006) (explaining that the probate exception to federal jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."); *Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012) (holding that the *Rooker-Feldman* doctrine applies to plaintiffs' claims in connection with the New York State Surrogate's Court litigation).

Further, the Anti-Injunction Act bars a federal court from enjoining a proceeding in state court unless that action is "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In considering these exceptions, "the Supreme Court has directed that '[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *I Ret. Sys. of Ala.*

---

[3] Golub cannot establish diversity jurisdiction under 28 U.S.C. § 1332 because Golub and the four named defendants reside in Staten Island.

4

*v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425–26 (2d Cir. 2004) (alteration in original) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)); *see also Kristopher v. Stone St. Properties, LLC*, No. 13-CV-566, 2013 WL 499752, at *3–4 (S.D.N.Y. Jan. 29, 2013) (finding the Anti–Injunction Act bars the court from enjoining state eviction proceedings). Here, there is no basis to enjoin the Richmond County Surrogate Court proceedings.

Because the Court has dismissed any possible federal claims against the defendants, the Court declines to exercise supplemental jurisdiction over Golub's state law claim. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Golub's state law claim is dismissed. Whereas ordinarily the Court would allow Golub an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Golub's submission that any attempt would be futile. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (finding leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Accordingly, Golub's request for injunctive relief is denied and the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice.

Although Golub paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order and the accompanying Judgment to plaintiff Dr. J. David Golub, *pro se*, note the mailing on the docket, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 6, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge