UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. J. DAVID GOLUB,

              Plaintiff,

            - against -

MICHAEL L. SWAALEY; NORMAN J. GOLUB;
JACK STERN; and RICHMOND COUNTY
SURROGATE COURT (R. GIGANTE),

              Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-5386 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Dr. J. David Golub brings this action alleging that defendants violated his rights in connection with a Surrogate's Court proceeding. By Memorandum and Order dated September 6, 2017, this Court dismissed the action for lack of subject matter jurisdiction, declined to exercise supplemental jurisdiction over Golub's state-law claims, and entered judgment. (Mem. & Order (Doc. No. 16); Judgment (Doc. No. 17).) Golub subsequently filed a motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure and a motion seeking leave to file an amended complaint. (Mot. Recons. (Doc. Nos. 19, 20).) The Court presumes familiarity with the underlying facts of this case as set forth in its original order dismissing this action. For the reasons stated below, both of Golub's motions are denied.

## DISCUSSION

### I. Motion for Reconsideration

A motion to alter a judgment pursuant to Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)). It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Rule 60(b) allows a Court to relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The burden of proof is on the party seeking relief from judgment. *Id.* Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

In his motion for reconsideration, Golub appears to argue that the Court made a mistake in dismissing his action for lack of subject matter jurisdiction. Although his original complaint

asserted federal question jurisdiction, Golub now argues that diversity of citizenship provides an alternative basis for jurisdiction. Specifically, Golub alleges that on January 1, 2016, prior to the filing of the instant action, he purchased a home in South Carolina which is his permanent domicile. However, even if Golub could establish diversity of citizenship as a basis for the Court's jurisdiction, "'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007); *see generally Marshall v. Marshall*, 547 U.S. 293 (2006); *Marcus v. Quattrocchi*, 715 F. Supp. 2d 524, 530 (S.D.N.Y. 2010). Moreover, as noted in its original order, the Court finds that the *Rooker-Feldman* doctrine applies to plaintiff's claims directed at the Surrogate's Court litigation. *Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012).

Further, Golub's motion for reconsideration does not satisfy the standard for relief under either Rule 59(e) or Rule 60(b) as it does little more than reiterate his original position. He once again alleges misconduct by defendants in connection with the administration of an estate in Richmond County Surrogate's Court. He requests that this Court enjoin defendant the Honorable Robert J. Gigante, the Surrogate of Richmond County, from taking further action regarding the estate. He further requests that a deed to a house located in Staten Island be turned over to him. Golub has failed to demonstrate the existence of any new arguments or circumstances warranting reconsideration, or controlling decisions or evidence that would alter the conclusions reached in the Court's September 6, 2017, Memorandum and Order. Therefore, Golub has failed to meet the standards of Rules 59(e) or 60(b), and, as such, his motion for reconsideration is denied.

II. **Motion to Amend**

As a procedural matter, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)."

3

*Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *see also Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."). Here, as previously discussed, there is no basis to set aside the judgment.

Moreover, although leave to amend is ordinarily freely given, *see* Fed. R. Civ. P. 15(a), it is clear from a liberal reading of Golub's complaint and motion for reconsideration that he cannot state a plausible claim for relief for the reasons set forth herein and in the Court's prior order. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Accordingly, Golub's motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure is denied, and Golub's request to amend his complaint is denied as futile (Doc. Nos. 19, 20.)

Although Golub paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to *pro se* plaintiff Dr. J. David Golub, and note the mailing on the docket.

SO ORDERED.

Dated:  Brooklyn, New York
       September 26 , 2018

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge