

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- :
IN THE MATTER OF                                    :  16 CIV 05386
        SYLVIA GOLUB DECEASED                       :  (JUDGE R.R. MAUSKOPF)
                                                    :
DR. J.D. GOLUB,                                     :  (MAGISTRATE JUDGE L. BLOOM)
        PLAINTIFF                                   :
---------- AGAINST---------------                   :  JUDICIAL NOTICE
                                                    :
_____                   :  MOTION TO VACATE
                                                    :  9.27.2018 DECISION
SWAALEY, STERN, N. GOLUB,                           :  F.R.C.P. RULES 59/60 MOTION
SURROGATE COURT GIGANTE                             :  WITH AMENDED COMPLAINT
ET, AL.,                                            :  AND ATTACHMENTS
JOINTLY AND SEVERALLY LIABLE                        :  MOTION 12(C) AND 12(D)
        DEFENDANTS                                  :  MOTION 55 AND 56
---------------------------------------------------:
```

DATED: SERVED ON OR BEFORE OCTOBER 5, 2018
RETURN DATE: FEDERAL RULES OF CIVIL PROCEDURE
FILED: NO LATER THAN OCTOBER 5, 2018

<u>JUDICIAL NOTICE OF PROSPECTIVE FILING</u>

RULE 59/60 MOTION TO VACATE THE
ORDER AND JUDGMENT FILED AND ENTERED ON
SEPTEMBER 27, 2018 FOR JUST AND MERITORIOUS CAUSE
AS A PERPETUATION OF CONSTITUTIONAL FRAUD AND VIOLATIONS OF
<u>SUBSTANTIVE AND PROCEDURAL DUE PROCESS</u>

TO REFILE AND REINSTATE THE UNOPPOSED FEDERAL RULE OF CIVIL
PROCEDURE RULE 59/60 MOTION (WITH THE AMENDED COMPLAINT)
ON OR BEFORE OCTOBER 25, 2018 (WITHIN 28 DAYS OF THE
DATE OF THE DECISION ENTERED ON SEPTEMBER 27, 2018)
ACCOMPANIED BY A SWORN AFFIDAVIT IN SUPPORT OF
A FEDERAL RULE OF CIVIL PROCEDURE 12(C) AND 12(D)
MOTION FOR JUDGMENT ON THE PLEADINGS AND
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55
DEFAULT JUDGMENT AND FEDERAL RULE OF CIVIL PROCEDURE
56 MOTION FOR SUMMARY JUDGMENT AWARDING ALL RELIEF
<u>AS REQUESTED IN THE AMENDED COMPLAINT.</u>

Please Take Notice, that for just and good cause, the plaintiff will move the USDC-EDNY Court under the federal rules of civil procedure on or before October 25, 2018:

1

1) Based on the meritorious grounds that as a matter of federal procedural law, the October 4, 2017 motion accompanied by the amended complaint was unopposed by the defendants, Plaintiff moves and will move to refile and reinstate the motion and the amended complaint for an order and judgment that the USDC-EDNY possessed unrestricted, and unmitigated Federal subject matter jurisdiction and Federal diversity jurisdiction to docket and adjudicate the amended complaint and the pleadings averred therein, supported by the legal argument and statements of undisputed facts as presented in support of this motion. The named NYS Office of Attorney General lawyers representing the Richmond County Surrogate Court, as legal counsel, did not file opposition papers to the 2017 Rule 59-60 Motion and did not answer the amended complaint, because the evidence is overwhelming that the Court violated the fundamental procedural and substantive due process rights to a fair hearing and in fact overtly injured the plaintiff by issuing an unlawful eviction from his residence and domicile at 672 Travis Avenue as retaliation for exercising those fundamental rights to advance the facts and the legal arguments that are fully reflected in the October 4, 2017 motion.

The Richmond County Surrogate Court's failure to undertake fundamental due process is tantamount to a condemnation and a "Defacto Taking"[1] and a fundamental Per Se Fifth Amendment Constitutional violation conferring federal subject matter jurisdiction on the USDC-EDNY, to adjudicate all of the claims.

2) Based on the meritorious grounds that the Second Circuit Court of appeals has ruled on a recent decision during the intervening period between October 4, 2017 and September 27, 2018, that the New York State Law of Adverse Possession, provides federal subject matter jurisdiction for the Federal Court. See Jaffer v. Hirji, 887 F.3d 111 (2nd Cir. 2018), opinion authored by Circuit Judge Calabresi, (Yale University Law and Economics Dean and Professor[2]) establishing the elements for an adverse possession claim. The plaintiff, DRJDG, has and had satisfied the five elements of the NYS Law of Adverse Possession claim including the requirements of open, actual, notorious, continuous and hostile occupation of the residence for over 25 years adverse to the interests of the defendant Norman

---

[1] A de facto taking is a physical taking. As the Court of Appeals stated in City of Buffalo v. J.W. Clement Company, 269 NE2d 895, 902 (NY 1971), "*** the concept of de facto taking has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint of its use [.]" (Citations omitted.)

[2] Guido Calabresi, The Future of Law and Economics Essays in Reform and Recollection, Yale University Press January 26, 2016 248 pages, 5.5 x 8.25 ISBN: 9780300195897

Golub in an intestate proceeding.³ The cases cited by Judge Calabresi relate to intrafamily disputes of real property title transfers and the applicability of the law of adverse possession claims in a non-intestate proceeding. This was overtly recognized by defendant Norman Golub who, on multiple occasions during the decedent's lifetime, attempted to obtain a transfer of title to 672 Travis Avenue from the decedent, by will or by direct passage during the actual, open, notorious, continuous and hostile occupancy by the plaintiff. Moreover, defendants have not presented any legal arguments or a rationale justification to claim the creation of constructive trust.

3) Notwithstanding the validity of the NYS Law of Adverse Possession claims proffered by the plaintiff, DRJDG, defendants engaged in significant acts of attorney misconduct under 28 Judiciary Law§ 487. After receiving an illegal eviction order, defendant attorneys conspired to dispose of 672 Travis Avenue, the principal residence of the plaintiff during the pendency of the appeal before the NYS Appellate Division Second Department and concealed that fact from the Court and the plaintiff, DRJDG. This is a fact that cannot be refuted by the defendants. Moreover, the defendants intercepted and destroyed DRJDG's appellate briefs that were returned for correction by Clerk Nat Rollerson. All of these allegations cannot be refuted by defendants and are corroborated by NYS APP. DIV. (2ⁿᵈ Dept.) Associate Deputy Clerk Darrell Joseph.⁴

---

³ The NYS Court of Appeals and the NYS Appellate Division cases have never authored cases that rule against the Petitioner's legal position on the applicability and validity of the Law of Adverse Possession and in fact have ruled in favor of his position See RPAPL §§541 and 901 and See *Hogan, as Administrator of the Estate of Ferdinand Powell v. Kelly*, 86 A.D.3d 590 (2011) 927 N.Y.S. 2d 157 (App. Div. 2nd dept. 2011). *Dickson v. Caruso*, 224 NYS 2d 33, (NY Sup. CT. Broome 1961) AND *Gali V. Gali* 2012 N.Y. Misc. LEXIS 3033; 2012, NY Slip Op 51182U (2012). *Galli v. Galli*, 117 A.D.3d 679; 985 N.Y.S.2d 273; 2014 N.Y. App. Div. LEXIS 3152; 2014 NY Slip Op. (NYSAD 2nd Div. 2014). See also Bailey and Desiderio, "Application of the Adverse Possession Amendments" New York Law Journal, June 10, 2015, citing *Hogan, as Administrator of the Estate of Ferdinand Powell v. Kelly*, 86 A.D.3d 590 (2011) 927 N.Y.S. 2d 157 (App. Div. 2nd dept. 2011).

⁴ N.Y. JUDICIARY LAW § 487: An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or, 2. Willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for, is guilty of a misdemeanor, and in addition to the punishment prescribed therefore by the penal law, he forfeits to the party injured, treble damages, to be recovered in a civil action. Defendants Swaaley and Norman Golub had a duty to speak and disclose the self-dealing illegal collusive transactions that they had entered into during the pendency of the appeal. SILENCE IS CONCEALMENT AND SUBJECT TO TREBLE DAMAGES.

Under Fed R. Civ Proc. Rule 56[5], Based on the meritorious grounds that there is no genuine dispute as to any material fact and there is no genuine dispute as to plaintiff's entire original and amended complaint and pleadings averred clearly and unequivocally, establishing that the defendants violated 28 Judiciary Law § 487 by "having engaged in deceit or collusion, or consented to any deceit or collusion, with intent to conceal and deceive the NYS Appellate Division (2nd Dept.) and to deceive DRJDG. . . are guilty of misdemeanors, and accordingly, forfeits to the party injured, DRJDG, treble damages, to be recovered in the present civil action, which entirely explains why no opposition has been submitted by the defendants, individually, jointly or severally, as a matter of law which would subject themselves to further penalties of felony/perjury under oath, given the fact that any fictitious statements would directly conflict with the Court transcripts and docket sheet, and, the testimony and knowledge of the Associate Deputy Clerk of the NYS Appellate Division for the Second Department.

Please take further notice that all statements, representations and documents contained and averred in the F.R.CIV. Proc. Rule 59/60 motion accompanied by the amended complaint and supporting documents are true and correct.

The prospective filings will be timely filed and served.

SIGNED,

_____
DR. J. DAVID GOLUB
ATTORNEY PRO SE

---

[5] **Motion for Summary Judgment:** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

4

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------- :
IN THE MATTER OF                             :   16 CIV 05386
        SYLVIA GOLUB DECEASED                :   (JUDGE R.R. MAUSKOPF)
                                             :
DR. J.D. GOLUB,                              :   (MAGISTRATE JUDGE L. BLOOM)
            PLAINTIFF                        :   F.R.CIV. PROC. 5
     ---------- AGAINST---------------       :   AFFIDAVIT OF LEGAL SERVICE
                                             :       OF PROCESS
                                             :
SWAALEY, STERN, N.GOLUB,                     :
SURROGATE COURT GIGANTE                      :   JUDICIAL NOTICE: LETTER
ET,AL.,                                      :   AND JUDICIAL NOTICE OF
JOINTLY AND SEVERALLY LIABLE                 :   PROSPECTIVE FILING OF
                                             :       MOTIONS
        DEFENDANTS                           :   RULES 59, 60,12(C),12(D), 55, 56
--------------------------------------------- :
```

DATED:  SERVED ON OR BEFORE OCTOBER 5, 2018
RETURN DATE: FEDERAL RULES OF CIVIL PROCEDURE
FILED: NO LATER THAN OCTOBER 5, 2018

Please Take Notice, that pursuant to the Federal Rules of Civil Procedure, on or before, Friday, October 5, 2018, the undersigned deponent filed an original of the letter, as described above, via U.S. First Class to the Clerk of the Court, United States Federal Court Eastern District of New York, 225 Cadman Plaza Room 118 South, Brooklyn, New York, 11201 Attention: Mr. Ralph Vega, USDC-Pro Se Office.

Please Take Notice, that pursuant to the Federal Rules of Civil Procedure, on or before, Friday, October 5, 2018, the undersigned deponent served a copy of the letter, as described above, via U.S. First Class Mail or facsimile or e-mail to each of the following defendants:

Charles F. Sanders, Esq.
Jonathan Conley, Esq.
Stephanie Rosenberg, Esq.
NYS Office of the Attorney General
120 Broadway
New York, New York 10271-0332
(212) 416-8594/8610
Charles.sanders@ag.ny.gov
Jonathan.conley@ag.ny.gov
Stephanie.rosenberg@ag.ny.gov

1

Michael L. Swaaley
811 Castleton Avenue
Staten Island, NY 10310
(718) 227-3100, [Fax (718) 966-0667].
mswaaley@gmail.com

Jack Stern
Real Estate Law Expert
1189 Forest Avenue
Staten Island, NY 10310
718.448.6767 [Fax: (718) 448-4509]
attorney@jsternlaw.com http://jsternlaw.com/

Mr. Ronald M. Cerrachio, Esq.
Chief Clerk of the Richmond County Surrogate Court
Surrogate Court, Richmond County
18 Richmond Terrace
Staten Island, New York, 10301
(718) 675–8500, [Fax (718) 390- 8741]

Courtesy copies to:

Mr. Darrell Joseph, Esq.
Associate Deputy Clerk of the Court
NYS Supreme Court, Appellate Division – 2ND Department
45 Monroe Place
Brooklyn, New York 11201
(718) 722-6324 (718) 722-6308/19 Fax (212) 401-9114/(212) 419-8457

Lawrence K. Marks, Esq.
Office of the Deputy Chief Administrative Judge
Courts within New York City
2 Empire State Plaza, Agency Bldg. 4, Albany, NY 12223
25 Beaver St., New York NY, 10004
(212) 428-2700 (212) 386-5400 [Fax (212) 374-5709]

SIGNED,
_____
DR. J. D. GOLUB
ATTORNEY PRO SE

DATED: ON OR BEFORE OCTOBER 5, 2018

2

DR. JD GOLUB <drjdg1@comcast.net>                                          10/4/2018 4:41 PM

## Re: Fwd: Activity in Case 1:16-cv-05386-RRM-LB Golub v. Swaaley et al Order on Motion to Vacate

To oaglitd@ag.ny.gov • mswaaley@gmail.com   Copy charles.sanders@ag.ny.gov • jonathan.conley@ag.ny.gov • stephanie.rosenberg@ag.ny.gov • attorney@jsternlaw.com

To all recipients of this e-mail:

The attached statement of judicial notice and legal argument has been filed with the clerk of the court to be presented to Judges Mauskopf and Bloom.

DR. J.D. GOLUB
P.O. BOX 131721
STATEN ISLAND, NEW YORK 10313
(973) 454-0677

---------- Original Message ----------
From: ecf_bounces@nyed.uscourts.gov
To: nobody@nyed.uscourts.gov
Date: September 27, 2018 at 3:56 PM
Subject: Activity in Case 1:16-cv-05386-RRM-LB Golub v. Swaaley et al Order on Motion to Vacate

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NEXTGEN IS COMING TO NYED*** For information visit our website
https://www.nyed.uscourts.gov/cmecf-nextgen

***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court
Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 9/27/2018 at 3:56 PM EDT and filed on 9/26/2018
**Case Name:**                          Golub v. Swaaley et al
**Case Number:**                        1:16-cv-05386-RRM-LB
**Filer:**
**WARNING: CASE CLOSED on 09/06/2017**
**Document Number:**                    22

**Docket Text:**
**MEMORANDUM AND ORDER denying [20] Motion to Vacate: For the reasons set forth in the attached Memorandum and Order, Golub's motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure is denied, and Golub's request to amend his complaint is denied as futile (Doc. Nos. 19, 20.) Although Golub paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to pro se plaintiff Dr. J. David Golub, and note the mailing on the docket. Ordered by Judge Roslynn R. Mauskopf on 9/26/2018. (Mauskopf, Roslynn)**

**1:16-cv-05386-RRM-LB Notice has been electronically mailed to:**

Charles Fernando Sanders    charles.sanders@ag.ny.gov, stephanie.rosenberg@ag.ny.gov

Michael Swaaley    mswaaley@gmail.com

Jonathan Conley    jonathan.conley@ag.ny.gov, oaglitd@ag.ny.gov

J. David Golub    DRJDG1@comcast.net

**1:16-cv-05386-RRM-LB Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**
**Original filename:**
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=9/27/2018] [FileNumber=13213085-0]
[b79a7209323c1d797356841cfd2d689e08015e1d2ab041c521b083568646926647e9a
1a365d385d5b37378c3890b4bfac7fe5bbe257fb0a650ac18acbdb2e71e3]]
Main Document n/a

- FILED SIGNED COPY 10.4.18.pdf (7 MB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 09 2018 ★

BROOKLYN OFFICE

Dr. J. David Golub
P.O. Box 131721
Staten Island, N.Y. 10313
(973) 454-0677 (cell)

**OCTOBER 4, 2018**

<u>*Via U.S. First Class mail*</u>
Mr. Ralph Vega, Clerk of the Court
Pro Se Office - Room 118 South
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2665

CASE:   USDC-EDNY DOCKET NO.16 CV 05386 (RR Mauskopf)
DR. J.D. Golub v. Swaaley, Stern, N.Golub, Gigante, et,al.
NYSAD Docket No. 2013-01013/14 and 2013-09415/16
Richmond County Sur. Ct No. 2009-505/505A (Judge Gigante)
NYS Bar Association File No: R-423-14 and R-1061-16(R-423-14)

Dear Mr. Vega:

Please submit and docket this letter with the enclosed attachments, dated October 4, 2018, to Judge Mauskopf, with a copy to Magistrate Judge Bloom entitled:

For meritorious and just cause, Judicial notice to file and reinstate the *unopposed* Fed. R. Civ. Proc. Rule 59/60 motion (with the amended complaint) on or before October 25, 2018 (within 28 days of the decision entered on September 27, 2018), accompanied by a sworn affidavit in support of the following motions: 1)Fed. R. Civ Proc. Rule 12(c) and 12(d) motion for judgment on the pleadings; 2) Fed. R. Civ. Proc. Rule 55 default judgment, and 3) Fed. R. Civ. Proc. Rule 56 motion for summary judgment.

I have enclosed proof of legal service via e-mail, or facsimile on defendants, with a courtesy copy faxed to the attention of Associate Deputy Clerk of the Court, Mr. Darrell Joseph, Esq., NYS Supreme Court, Appellate Division- 2nd Dept., Brooklyn, New York 11201.

SIGNED,

*[signature]*

DR.J. D. GOLUB, ATTORNEY PRO SE
P.O. BOX 131721
STATEN ISLAND, N.Y. 10313
(973) 454-0677 <u>DRJDG1@COMCAST.NET</u>

1

JFJ J.B. GOLUB
PO BOX 131721
Staten Island, N.Y.
10313

MR. RALPH VEGA
CLERK OF THE COURT
PRO SE OFFICE - ROOM 118 fourt-
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
Brooklyn, New York 11201

RECEIVED
OCT - 9 2018
PRO SE OFFICE