```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DR. J. DAVID GOLUB,

                    Plaintiff,                          **MEMORANDUM AND ORDER**
     - against -                                           16-CV-5386 (RRM) (RML)

MICHAEL L. SWAALEY, *et al*.,

                    Defendants.
----------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.
```

In December 2016, plaintiff Dr. J. David Golub, proceeding *pro se*, commenced this action alleging that defendants violated his rights in connection with a Surrogate's Court proceeding. In a memorandum and order dated September 6, 2017, the Court dismissed the action for lack of subject matter jurisdiction, declined to exercise supplemental jurisdiction over Golub's state-law claims, and entered judgment. *Golub v. Swaaley*, No. 16-CV-5386 (RRM) (RML), 2017 WL 3917016 (E.D.N.Y. Sept. 6, 2017).

Golub subsequently filed a motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure and a motion seeking leave to file an amended complaint, both of which were denied in a memorandum and order dated September 26, 2018. *Golub v. Swaaley*, No. 16-CV-5386 (RRM) (RML), 2018 WL 4636808 (E.D.N.Y. Sept. 26, 2018). In that memorandum and order, the Court advised Golub that "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id*. at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), and *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). The Court also noted that a Rule 60(b) motion "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id.* (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). Indeed, a Rule 60(b)

motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases).

Golub now files a second motion for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Doc. No. 23). This motion does little more than reiterate arguments raised in Golub's prior filing, and does not point to any facts or controlling decisions which this Court overlooked. To be sure, the motion does cite to a recently decided Second Circuit case: *Jaffer v. Hirji*, 887 F.3d 111, 116 (2d Cir. 2018). That case, however, does not address subject matter jurisdiction, much less imply that federal courts have subject matter jurisdiction over all adverse possession claims.

## CONCLUSION

For the reasons set forth above, plaintiff Golub's second motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure is denied. Although Golub paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Although the pro se plaintiff has consented to electronic notification, the Clerk of Court is respectfully directed to mail a copy of this memorandum and order to the *pro se* plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2019

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge