UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DR. J. DAVID GOLUB,

                Plaintiff,

  -against-

MICHAEL L. SWAALEY, *et al*.,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**
16-CV-5386 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      In September 2016, plaintiff Dr. J. David Golub, proceeding pro se, commenced this fee-paid action against Richmond County Surrogate Robert J. Gigante and three attorneys, alleging misconduct by the defendants in connection with Surrogate Court proceedings relating to the estate of Sylvia Golub. On September 6, 2017, the Court dismissed the action for lack of subject-matter jurisdiction and entered judgment in favor defendants.

      In the 26 months following the entry of judgment, Golub filed three motions pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure, all of which were denied. The first, filed October 3, 2017, (Doc. No. 20), was denied in a five-page memorandum and order dated September 26, 2018, (Doc. No. 22). The second – a motion to vacate the September 26, 2018, order – was filed in October 2018, (Docs. No. 23–25), and was denied in a two-page memorandum and order dated September 27, 2019, (Doc. No. 27). The third motion – seeking to vacate the September 27, 2019, order – was filed in October 2019, (Docs. No. 28–29), and was denied in an electronic order dated September 29, 2020. That electronic order expressly warned Golub that if he continued to file repetitive motions for reconsideration, the Court might enter an order prohibiting him from making future filings without leave of Court.

      Golub has not heeded this warning. Since September 29, 2020, Golub has filed four more submissions with the Court, including motions pursuant to Rules 59 and 60. The first

submission, received by the Court on October 19, 2020, (Docs. No. 30–31), is a motion 1) to stay these proceedings pending the filing of another Rule 59 motion and/or a notice of appeal and 2) to permit Golub permission to file electronically. The second submission, received by the Court on October 27, 2020, (Doc. No. 32), is a Rule 59 motion, requesting that the Court reconsider and vacate all its prior orders in this case. The third submission, received by the Court on October 28, 2020, (Doc. No. 33), is a notice of appeal to the Second Circuit Court of Appeals. The fourth submission, received by the Court on November 5, 2020, (Doc. No. 34), is a Rule 60 motion, which includes another request for permission to file electronically.

Golub's actions in continuing to file motions for reconsideration are consistent with his well-documented, decades-long history of vexatious litigation in this district and elsewhere. The Court notes that Golub has been barred from further filings in at least two district court cases. *See Golub v. Kidder Peabody & Co.*, No. 89-CV-5903 (WHP), 2010 WL 5422503, at *3 (S.D.N.Y. Dec. 16, 2010) ("Golub is enjoined from attempting to file further applications with this Court on this matter [and] … from addressing any correspondence to this Court or contacting this Court in any manner."); *Golub v. Univ. of Chicago*, No. 87-CV-2891, 1992 WL 333641, at *1–3 (E.D.N.Y. Oct. 26, 1992) (noting that plaintiff had been enjoined from filing any actions without prior Court approval against Ernst & Whinney, IBM Corporation, University of Chicago, and Weiner & Company). He has also been sanctioned by the Second Circuit on at least three occasions. *See Golub v. Tierney*, No. 11-286, 2d Cir. mandate dated July 11, 2011 (recorded on S.D.N.Y. Docket No. 89-CV-5809 (WHP) as Doc. No. 115).

"A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Iwachiw v. N.Y. State Dep't. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005). "Permissible sanctions include restricting a litigant's future access to courts." *Golub*, 2010 WL 5422503, at *2 (citing *Iwachiw*, 396 F.3d at 528). Accordingly, it is **ORDERED**:

1. Golub's motion to stay these proceedings is moot, since he has already filed another Rule 59 motion and a notice of appeal.

2. Golub's motions pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure are denied for the same reasons explained in the Court's Memoranda and Orders dated September 26, 2018; September 27, 2019; and September 29, 2020.

3. Golub shall show cause in an affirmation to be filed within 30 days of the date of this Memorandum and Order why he should not be enjoined from filing any further documents in this action (except for documents directed to the United States Court of Appeals for the Second Circuit) and from filing any further actions in this district without prior Court approval. If Golub fails to submit an affirmation within the time allowed, or if his affirmation does not set forth good cause why this injunction should not be entered, he will be barred from filing any further submissions in this case (except for documents directed to the Second Circuit) and any further actions in this district without prior Court approval.

4. In light of Golub's history of vexatious litigation, his applications to file papers electronically with the Court are denied.

5. Although Golub has consented to electronic notification, the Clerk of Court is directed to mail a copy of this Memorandum and Order and Order to Show Cause to Golub and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       November 13, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge