UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DR. J. DAVID GOLUB,

                Plaintiff,

-against-

MICHAEL L. SWAALEY, *et al*.,

                Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
**BARRING FURTHER LITIGATION**
16-CV-5386 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      In an electronic order dated September 29, 2020, the Court summarily denied two motions which, taken together, constituted plaintiff Dr. J. David Golub's third motion for reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. After Golub filed a notice of appeal and several additional frivolous motions, the Court issued a Memorandum and Order to Show Cause dated November 13, 2020 (the "OSC"), which not only denied those motions but directed Golub to show cause why he should not be barred from future filings. Subsequently, the Second Circuit, which had already imposed a leave-to-file sanction and monetary sanctions on Golub in other actions, dismissed the appeal for failure to apply for leave to appeal.

      Golub has now filed two new submissions: 1) a motion to vacate the Second Circuit's mandate and to extend his time to file a notice of appeal and 2) a document which purports to respond to the OSC. For the reasons set forth below, the motion for an extension of time is denied as moot and the Court enters an order barring Golub from filing any further documents in this action without permission of the Court.

## BACKGROUND

      Although familiarity with the history of this litigation is assumed, the Court will provide a brief recap for the convenience of the reader. In September 2016, Golub, proceeding *pro se*,

commenced this fee-paid action against Richmond County Surrogate Robert J. Gigante and three attorneys, alleging misconduct by the defendants in connection with Surrogate Court proceedings relating to the estate of Sylvia Golub. On September 6, 2017, the Court dismissed the action for lack of subject-matter jurisdiction and entered judgment in favor of defendants.

In the 26 months following the entry of judgment, Golub filed three motions pursuant to Rule 59 and 60 of the Federal Rules of Civil Procedure, all of which were denied. The first, filed October 3, 2017, (Doc. No. 20), was denied in a five-page memorandum and order dated September 26, 2018, (Doc. No. 22). The second – a motion to vacate the September 26, 2018, order – was filed in October 2018, (Docs. No. 23–25), and was denied in a two-page memorandum and order dated September 27, 2019, (Doc. No. 27). The third motion – seeking to vacate the September 27, 2019, order – was filed in October 2019, (Docs. No. 28–29), and was denied in an electronic order dated September 29, 2020 (the "September 29 Order"). The September 29 Order expressly warned Golub that if he continued to file repetitive motions for reconsideration, the Court might enter an order prohibiting him from making future filings without leave of the Court.

Golub not only appealed the September 29 Order but filed four more submissions with the Court, including additional motions pursuant to Rules 59 and 60. On November 13, 2020, the Court issued the OSC, denying those motions and directing Golub to show cause why he should not be enjoined from filing any further documents in this action (except for documents directed to the United States Court of Appeals for the Second Circuit) and from filing any further actions in this district without prior Court approval. (OSC (Doc. No. 35) at 3.) The OSC noted that Golub had a "well-documented, decades-long history of vexatious litigation in this district and elsewhere" which had led to his being barred from further filings in other cases. Among the cases listed was *Golub v. Tierney*, S.D.N.Y. Docket No. 89-CV-5809 (WHP), in which the

Second Circuit had issued a July 11, 2011, mandate noting that it had previously imposed on Golub a leave-to-file sanction and Rule 38 sanctions totaling $1,500, which Golub had not paid. That mandate not only denied Golub's application for leave to file an appeal in that case, but ordered that "[a]ny future application for leave to appeal in this Court must be accompanied by proof that Appellant has paid the sanctions imposed in full." (*See Golub*, No. 89-CV-5809 (WHP), Mandate of USCA (July 11, 2011) (Doc. No. 115).)

On December 28, 2020, the Second Circuit issued a mandate dismissing Golub's appeal from the September 29 Order, effective November 20, 2020 (the "Mandate"). The Mandate referenced the July 11, 2011, mandate and, alluding to the previously imposed leave-to-file sanction, stated: "The Court has no record that appellant sought the Court's permission to appeal prior to filing the notice of appeal." (Mandate (Doc. No. 37).)

<u>The Instant Motions</u>

In January 2021, Golub filed two additional submissions, which are the subject of this Memorandum and Order. First, he moves to vacate the Mandate and to extend his time to file a notice of appeal. (Motion To Vacate the Mandate and Extend the Time in which to Appeal (Doc. No. 38).) This submission implies that the July 11, 2011, mandate is irrelevant to this action because it was issued in an entirely different case and notes that Golub timely filed a notice of appeal from the September 29 Order. Second, Golub has filed a document entitled "Motion for Leave to Vacate 11.13.2020 Order," which purports to respond to the OSC. (Motion for Leave to Vacate 11.13.2020 Order (Doc. No. 39) at 1.) In fact, this document neither mentions nor attempts to excuse Golub's history of repetitious and vexatious litigation. To the contrary, it largely rehashes his allegations against Gigante and the attorneys which formed the basis for this meritless litigation.

## DISCUSSION

A. <u>The First Submission (Doc. No. 38)</u>

To the extent that Golub's first submission can be construed as a motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, that motion is denied as moot. Rule 4(a)(5)(A) provides:

> The district court may extend the time to file a notice of appeal if:
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Rule 4(a) provides, in relevant part, that a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

Golub filed his notice of appeal on November 28, 2020 – 29 days after entry of the September 29 Order from which he was appealing. Accordingly, the notice of appeal was not untimely and there is no need for an order extending the time to file a notice of appeal. As the Mandate makes clear, Golub's notice of appeal was dismissed for failure to include an application for leave to appeal as required by the Second Circuit's prior mandates.

Golub's assertion that the Second Circuit's July 11, 2011, mandate is irrelevant because it pertained to a different case is entirely baseless. That mandate pertained to all future appeals and was animated by Golub's history of vexatious filing and disregard of the Second Circuit's prior orders.

To the extent that Golub's first submission can be read as seeking an extension of time to file a second notice of appeal that includes an application for leave to file, the Court cannot grant that request because the first submission was not filed until January 6, 2021 – more than 30 days after the time to file an application for leave to appeal from the September 29 Order expired –

and because Golub has not demonstrated excusable neglect or good cause for the failure to file a notice of appeal that complied with the Second Circuit's mandates.

B. The Second Submission (Doc. No. 39)

Although the second submission purports to be a response to the OSC, it utterly fails to explain why an order barring future filings by Golub should not be entered. The federal courts have limited resources and have the authority and obligation to conserve those resources by managing their dockets for the efficient administration of justice. *See Lau v. Meddaugh*, 229 F.3d 121, 122 (2d Cir. 2000); *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993). Thus, a "district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Iwachiw v. N.Y. State Dep't. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005). "Permissible sanctions include restricting a litigant's future access to courts." *See id.*

In light of Golub's extensive history of vexatious litigation in this case and in previous cases, the Court hereby enjoins Golub from filing any new documents in this case and any new actions in this district without first obtaining leave of Court. The Court notes that Golub has previously failed to pay monetary sanctions – even when imposed by the Second Circuit – and believes that Golub is likely to continue to abuse the judicial process absent the imposition of some meaningful sanction. The Court concludes that this drastic remedy is necessary to alleviate the burden on the Court and its personnel of continued frivolous filings.

## CONCLUSION

For the reasons stated above, plaintiff Golub's Motion To Vacate the Mandate and Extend the Time in which to Appeal (Doc. No. 38) and Motion for Leave to Vacate 11.13.2020 Order (Doc. No. 39) are denied. Golub is enjoined from filing any new documents in this case and any new actions in this district without first obtaining leave of the Court. The Clerk of Court is directed not to file but to immediately return to Golub any documents that are received from

him without an application seeking leave to file. If the Court grants Golub leave to file a new action, the civil action shall be filed and assigned a civil docket number; if leave to file is denied, Golub's submission shall be filed on the Court's miscellaneous docket. Nothing herein shall be construed to prohibit Golub from filing an appeal of this Order but Golub is advised that he must comply with all applicable Second Circuit mandates.

Although the *pro se* plaintiff has consented to electronic notification, the Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Golub and to note the mailing on the docket sheet. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                              SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2021

                                              *Roslynn R. Mauskopf*
                                              ROSLYNN R. MAUSKOPF
                                              United States District Judge